The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 23, 2022, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 23, 2022**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 22-11024 |
| | ) | |
| PATRICIA PALOMBI | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

ORDER FOR PARTIAL RETURN OF ATTORNEY'S FEES[1]

On April 12, 2022, Patricia Palombi ("the debtor") filed a Chapter 7 bankruptcy petition through her attorney, Mr. Sean Logue. When a reaffirmation agreement and cover sheet filed with the Court indicated a presumption of undue hardship, the Court issued an order requiring Mr. Logue to appear on behalf of the debtor at a hearing on July 19, 2022. (Docket No. 20). Mr. Logue failed to attend the reaffirmation hearing either in person or by telephone. The debtor, however, did attend by telephone and successfully represented herself at the hearing without

---

[1] This Order is not intended for official publication.

the benefit of her attorney. On July 21, 2022, the Court issued an order to show cause why Mr. Logue should not return a portion of his fees for his failure to attend the hearing on the reaffirmation agreement. (Docket No. 26). On August 16, 2022, the Court held a hearing during which Mr. Logue and the debtor both addressed the Court. After careful consideration of the circumstances, the Court now orders Mr. Logue to return $225 to the debtor and file a notice with this Court confirming such repayment by September 30, 2022.

Under 11 U.S.C. § 329(b), if an attorney's "compensation exceeds the reasonable value of any such services [rendered in a bankruptcy case], the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . (2) the entity that made such payment." *See also* Bankruptcy Rule 2017 (permitting bankruptcy courts to determine that an attorney's fee is excessive after notice and a hearing). Bankruptcy courts have inherent authority to order the return of fees where attorneys do not comply with the Bankruptcy Code ("the Code"), Bankruptcy Rules, or court orders. *See Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 721 (6th Cir. 2001) (explaining bankruptcy courts' inherent authority to deny compensation for bankruptcy attorneys); *In re Smith* 436 B.R. 476, 483 (Bankr. N.D. Ohio 2010) (noting that disgorgement of fees is proper for non-compliance with the Code, Bankruptcy Rules, or court orders). By allowing bankruptcy courts such

discretion, the Code intends to protect debtors and creditors. *See In re Kisseberth*, 273 F.3d at 721. However, courts should not order the return of attorney's fees lightly. *See In re Smith*, 436 B.R. at 483 (citing *In re LTV Steel Co.*, 288 B.R. 775, 779 (Bankr. N.D. Ohio 2002)).

The reasonableness of an attorney's compensation is determined with reference to the unique circumstances of each case. *See id.* For example, in *Smith*, the Court ordered an attorney to disgorge $750 of a total fee of $1,299 because the attorney did not appear at a hearing concerning a motion to dismiss in a Chapter 7 case. *Id.* at 479, 483. The Court held that the attorney's absence at the hearing and failure to make other arrangements did not "meet minimal professional standards," even though the attorney had an ill parent. *Id.* at 483. The Court also determined that not informing the Court of potential absence fell short of an attorney's responsibilities. *Id.* (citing *In re Koliba*, 338 B.R. 48, 50 (Bankr. N.D. Ohio 2006)).

According to the fee disclosure statement filed with the Court, Mr. Logue indicated that, for a fee of $1,297, he would represent the debtor in all aspects of her chapter 7 bankruptcy case (subject to certain exceptions not applicable here) and "attend all hearings scheduled on any reaffirmation agreement signed by the debtor." (Docket No. 11, p. 38). However, Mr. Logue failed to appear at the debtor's reaffirmation hearing due to a scheduling conflict. Further, Mr. Logue did

3

not inform either the debtor or the Court of the potential conflict before the hearing or attempt to reschedule either of the matters. Thus, Mr. Logue has failed to meet his professional obligations as an attorney and his agreement with the debtor. Even if a reaffirmation agreement is perhaps more routine than a motion to dismiss, such as the Court addressed in *Smith*, it is still vital to a bankruptcy attorney's representation of a client. Moreover, Mr. Logue's failure to attend the hearing also contravened an order of this Court. (Docket No. 20). Consequently, as in *Smith*, allowing Mr. Logue to retain the full value of his payment would not be reasonable in these circumstances.

As a result, the Court must determine the reasonable value of Mr. Logue's representation of the debtor at the hearing in question. When determining the reasonable value of an attorney's fees in bankruptcy cases, a court must use a lodestar analysis. *See In re Williams*, 357 B.R. 434, 438 (B.A.P. 6th Cir. 2007) (citing *Boddy v. U.S. Bankr. Ct. (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991)) (noting that the Sixth Circuit required in *Boddy* that "the lodestar method be used to calculate fees in bankruptcy cases"). To calculate the lodestar amount, a court must multiply an attorney's reasonable hourly rate by the number of hours reasonably expended. *See id.* A court may also consider factors such as special skills possessed by counsel, the results obtained, the novelty and difficulty of the issues involved, and the rates charged by other attorneys for comparable work. *See*

4

*In re Boddy*, 950 F.2d at 338 (permitting consideration of factors such as these if the Court "expressly discusses such factors in light of the reasonable hours actually worked and a reasonable hourly rate"). *See also In re Vill. Apothecary*, ___F.4th___, No.21-1555, slip op. (6th Cir. Aug. 16, 2022) (concluding that bankruptcy courts may consider results obtained when determining reasonable fees under 11 U.S.C. § 330(a)(3)). Often, however, consideration of such factors duplicates the lodestar analysis and is not necessary. *See In re Boddy*, 950 F.2d at 338.

Here, the Court takes judicial notice that Mr. Logue has represented his hourly rate at $225 in another case before this Court. (Case No. 21-11657, Docket No. 18, p. 5). The Court estimates that attendance at the hearing would have required approximately an hour of Mr. Logue's time. By failing to appear on behalf of the debtor, therefore, Mr. Logue deprived her of approximately $225 worth of his services.

The fact that the debtor's reaffirmation agreement was not disapproved, and thus the debtor received her desired result, does not change this analysis. By appearing on her own and arguing her own case, the debtor was able to compensate for Mr. Logue's failure to appear, and essentially performed the services Mr. Logue did not. Thus, the results obtained support Mr. Logue's return of compensation to the debtor. Moreover, no other factors significantly change the

5

lodestar calculation, and so Mr. Logue's fees exceed the reasonable value of his services by $225.

Despite this conclusion, the Court cautions that it is not imposing sanctions on Mr. Logue for failure to appear, since nothing suggests this failure was the result of misconduct. *Cf. In re Jaques*, 761 F.2d 302 (6th Cir. 1985) (affirming civil contempt sanction imposed against attorney who misrepresented the cause of his absence from a court proceeding). Rather, the Court is compensating the debtor for the reasonable value of services not received.

In view of the above considerations, the Court orders Mr. Logue to return $225 to the debtor and file a notice with this Court confirming such repayment by September 30, 2022.

IT IS SO ORDERED.